**RECORD NUMBER: 14-4395**

# United States Court of Appeals
## *for the*
# Fourth Circuit

**UNITED STATES OF AMERICA,**

*Appellee,*

– v. –

**RODNISHA SADE CANNON,**

*Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF NORTH CAROLINA AT CHARLOTTE

# OPENING BRIEF OF APPELLANT

**BRADLEY L. HENRY**
**BREEDING & LODATO, LLC**
**117 Center Park Drive**
**Suite 201**
**Knoxville, TN  37922**
**(865) 670-8535**
**brad@breedinglaw.com**

*Counsel for Appellant*

# TABLE OF CONTENTS

Table of Authorities……………………………………………………………….. ii

Jurisdictional Statement………………………………………………………...… 1

Statement of the Issues:

    I.    Is Defendant's appeal after her guilty plea and sentence within the applicable sentencing guidelines wholly frivolous and without arguable merit within the meaning of Anders v. California, 386 U.S. 728 (1967)?

Statement of the Case…………………………………………………………... 1

Statement of Facts…………………………………………………………… 2

Summary of Argument…………………….…………………………….… 3

Standard of Review……………………………………………………..…… 4

Argument…………………………………………………….....................5

Conclusion……………………………………………………………….. 13

Certificate of Compliance

# TABLE OF AUTHORITIES

**Case Law**

*Anders v. California*, 386 *United States* 728 (1967) ……………………….passim

*Gall v. United States,* 552 U.S. 38, 41, 51, 128 S.Ct. 586,
     169 L.Ed.2d 445 (2007) …………………………………..……….10

*Rita v. United States*, 551 U.S. 338, 356 (2007)) ……………………….…..…… 11

*United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) ……………….……….11

*United States v. Dominguez Benitez,* 542 U.S. 74, 83, 124 S.Ct. 2333,
     159 L.Ed.2d 157 (2004) ……………………………………………… 8

*United States v. Engle*, 592 F.3d 495, 500 (4th Cir.)  ………………………….. 11

*United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) ………………………. 11

*United States v. Martinez*, 277 F.3d 517, 525-26 (4th Cir. 2002) …………….. ..5, 8

*United States v. Massenburg*, 564 F.3d 337, 342-43 (4th Cir. 2009) …………….. 5

*United States v. Moore*, 217 F. App'x 268, 269 (4th Cir. 2007) ………………….. 9

*United States v. Muhammad,* 478 F.3d 247, 249 (4th Cir.2007) ……………...... 8

*United States v. Mendoza-Mendoza*, 597 F.3d 212, 217 (4th Cir. 2010) ……….. 13

*United States v. Sosa–Carabantes,* 561 F.3d 256, 259 (4th Cir.2009) ……….......10

**United States Code**

18 U.S.C. §1028A(a)(1) and (b) …………………………………………………… 2

18 U.S.C. §1349 ……………………………………………………….…………… 2

18 U.S.C. §1956(h) …………………………………………………………………… 2

18 U.S.C. §1957 ………………………………………………….………………… 2

18 U.S.C. § 2232 ……………………………………………………………….… 1

18 U.S.C. §2255 ……………………………………………….…………………… 4

18 U.S.C. §3231……………………………………………………………….… 1

28 U.S.C. §1291…………………………………………………………………….. 1


## United States Sentencing Guidelines

U.S.S.G. 5K1.1 …………………………………………………...…………… 7

U.S.S.G. 3E1.1 …………………………………………………..………….… 8

## Rules of Criminal Procedure

Fed. R. Crim. P. 11………..………………………………………………………. passim

Fed. R. Crim. P. 32 ...………………………………………………………...… 4, 11, 12

# JURISDICTIONAL STATEMENT

Appellant was charged in a single count indictment with a violation of 18 U.S.C. § 2232, and subsequently charged in a three count Information with multiple other violations. Jurisdiction in the district court was based on 18 U.S.C. § 3231, since Appellant was charged with an offense against the laws of the United States. Appellant plead guilty to the four counts charged and was sentenced on April 8, 2014, to 102 months imprisonment. The final judgment of the United States District Court for the Western District of North Carolina was entered on May 15, 2014. A timely notice of appeal was filed on April 11, 2014. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1291, which gives this Court jurisdiction over final judgments from the United States District Court.

# STATEMENT OF THE ISSUES

**I.   IS DEFENDANT'S APPEAL AFTER HER GUILTY PLEA AND SENTENCE WITHIN THE APPLICABLE SENTENCING GUIDELINES WHOLLY FRIVOLOUS AND WITHOUT ARGUABLE MERIT WITHIN THE MEANING OF ANDERS V. CALIFORNIA, 386 U.S. 728 (1967)?**

# STATEMENT OF THE CASE

On October 16, 2012, an Indictment was filed in case 3:12-cr-313 in the United States District Court for the Western District of North Carolina charging Rodnisha Cannon ("Ms. Cannon") with a violation of 18 U.S.C. § 2232.

(Indictment, DE 9, p. 1). On March 28, 2013, an Information was filed in case 3:13-cr-95 in the same court charging Ms. Cannon with violations of 18 U.S.C. 1349, 1028A(a)(1) and (b), and 1956(h) and 1957. (Information, DE 1, p. 1-12 and DE 1-1, p. 1).

Ms. Cannon plead guilty to each of the four counts on April 2, 2013. (Change of Plea Transcript, p. 1-25).

Ms. Cannon was sentenced on April 8, 2014, to a within guideline sentence of 102 months imprisonment. (Sentencing Hearing Transcript, p. 1-46). No sentencing memorandum was filed and no objections to the presentence report were made.

A timely appeal was taken on April 11, 2014, pursuant to the Federal Rules Appellate Procedure. (Notice of Appeal, DE 22, p. 1-2).

## STATEMENT OF FACTS

Defendant was charged with four counts under two separate docket numbers. (Indictment, DE 9, p. 1; Information, DE 1, p.1). A plea agreement was reached whereby the Defendant would plead guilty to each of the four counts and the government would not bring additional charges. (Plea Agreement, DE 17, p. 1-8). The Defendant entered her plea of guilty, which was accepted by the district court. (Change of Plea Transcript, p. 1-25).

The presentence report concluded that the applicable sentence under the

2

Guidelines was in the range of 78-97 months. (Presentence Report, DE 12, p. 25). A two year minimum mandatory sentence was also required to run consecutively to any sentence imposed. (Presentence Report, DE 12, p. 25). The district court sentenced Ms. Cannon to the 102 months. (Sentencing Hearing Transcript, p. 40). Ms. Cannon appealed. (Notice of Appeal, DE 22, 1-2).

Counsel has obtained the complete court record in this case, including the Presentence Report and all transcripts in this case. Counsel has also spoken with the Defendant on multiple occasions. Counsel submits that Ms. Cannon has been informed of counsel's intent to file a brief in conformity with *Anders v. California*. For the reasons that follow, counsel has concluded that any further proceedings on behalf of the Defendant would be wholly frivolous and without arguable merit within the meaning of *Anders v. California*, 386 U.S. 738 (1967) and its progeny. For this reason counsel asks leave to withdraw in this case.

## SUMMARY OF ARGUMENT

This is an appeal after an unconditional guilty plea. The Defendant was charged with and plead to four counts contained under two docket numbers.

No pretrial issues were reserved for appellate review. The Defendant had some complaints about previous counsel, but those issues were addressed prior to sentencing. In any event, those issues are best raised in a claim for ineffective

3

assistance of counsel pursuant to 18 U.S.C. 2255.

The plea colloquy was in accord with Federal Rules of Criminal Procedure, Rule 11, and no assertion can be made that the Defendant did not knowingly or voluntarily enter the plea. The sentence was within the applicable Guideline range, the district court was within its discretion, and the sentencing hearing was conducted in accordance with Fed. R. Crim. P. 32.

In short, there is no issue of arguable merit in this case, and thus counsel asks leave to withdraw.

## STANDARD OF REVIEW

Following a careful review of the complete court record and transcripts in this case, including the presentence report, after corresponding with the Defendant, and after researching the law as it relates to the facts of this case, counsel has concluded that any further proceedings on behalf of the Defendant would be wholly frivolous and without arguable merit within the meaning of *Anders v. California,* 386 U.S. 738 (1967) and its progeny. In reaching this conclusion counsel has considered the following issues of possible merit, which he believes are the only possible issues raised by this record. Counsel requests permission to withdraw from this case and to allow Ms. Cannon to file any further briefs that she deems necessary.

## **ARGUMENT**

I. **Is Defendant's appeal after her guilty plea and sentence wholly frivolous and without arguable merit within the meaning of Anders v. California, 386 U.S. 728 (1967)?**

    a. **VALIDITY OF PLEA AGREEMENT**

There are no jurisdictional defects apparent in this record, and the guilty plea was unconditional with no pretrial issue being reserved under Rule 11(a)(2) of the Federal Rules of Criminal Procedure. Because Ms. Cannon did not move in the district court to withdraw her guilty plea, any error in the Rule 11 hearing is reviewed for plain error. *United States v. Martinez*, 277 F.3d 517, 525-26 (4th Cir. 2002). To establish plain error, she "must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights." *United States v. Massenburg*, 564 F.3d 337, 342-43 (4th Cir. 2009) (reviewing unpreserved Rule 11 error).

Counsel ordered the change of plea and sentencing transcript, and those transcripts are now part of the record in this case. Judge Whitney complied fully with the procedure specified in Rule 11(b) of the Federal Rules of Criminal Procedure for the acceptance of the guilty plea except advising Ms. Cannon of the mandatory special assessment. The plea agreement was reduced to writing and was entered on the record. Judge Whitney adequately examined the Defendant and

5

explained to her the nature of the Plea Agreement, the consequences of her plea - including waiving the right to appeal - and the sentencing options open to the Court.

The district court's plea colloquy covered the following rights under Fed. R. Crim. P. 11(b)(1):

    (A)    risk of perjury (Change of Plea Transcript, p. 6-7)

    (B)    right to plead not guilty and persist in not-guilty plea (Change of Plea Transcript, p. 11)

    (C)    right to jury trial (Change of Plea Transcript, p. 11)

    (D)    right to counsel at trial and every other stage (Change of Plea Transcript, p. 11)

    (E)    certain specific rights at trial (Change of Plea Transcript, p. 11)

    (F)    defendant's waiver of trial rights (Change of Plea Transcript, p. 12)

    (G)    nature of charges (Change of Plea Transcript, p. 6-10)

    (H)    maximum possible penalty (Change of Plea Transcript, p. 6-10)

    (I)    mandatory minimum penalty (Change of Plea Transcript, p. 6-10)

(J)    forfeiture is applicable in this case (Change of Plea Transcript, p. 6-10)

(K)    court's authority to order restitution (Change of Plea Transcript, p. 10)

(L)    court's obligation to impose special assessment (Not addressed)

(M)    court's obligation to calculate the guidelines range and consider the range, departures, and other factors under 18 U.S.C. 3553(a) (Change of Plea Transcript, p. 10)

(N)    terms of the waiver of right to appeal or collaterally attack the sentence (Change of Plea Transcript, p. 15-17)

Pursuant to the Plea agreement, the government would, within its complete discretion, make a motion for a sentence reduction under U.S.S.G. 5K1.1, if the Defendant provided "substantial assistance" to the government. The government also acknowledged that a downward adjustment of three levels was warranted for acceptance of responsibility under U.S.S.G. 3E1.1. The Defendant indicated an understanding of the nature and consequences of her plea and the sentencing alternatives open to the Court.

In short, this is a facially valid guilty plea which complies with the mandates of

7

Fed.R.Crim.P., Rule 11, and which waives the right to appeal. The government has informed counsel that it intends to exercise the appellate rights waiver.

### i. THE COURT FAILED TO ADVISE DEFENDANT OF THE OBLIGATION TO ORDER A SPECIAL ASSESSMENT.

Because Ms. Cannon did not move in the district court to withdraw her guilty plea, any error in the Rule 11 hearing is reviewed for plain error. *United States v. Martinez,* 277 F.3d 517, 526 (4th Cir.2002). "To establish plain error, [Ms. Cannon] must show that an error occurred, that the error was plain, and that the error affected her substantial rights." *United States v. Muhammad,* 478 F.3d 247, 249 (4th Cir.2007). Even if Canon satisfies these requirements, correction of the error remains within the Court's discretion, and the Court will not exercise their discretion unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id.*; *see United States v. Dominguez Benitez,* 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (holding that "a defendant who seeks reversal of her conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea").

Here the district court failed to advise Ms. Cannon of the requirement to impose a special assessment. Likewise, the Plea Agreement does not advise Ms.

8

Cannon that a special assessment is mandatory. However, this Court has previously found that failure to advise a defendant of the mandatory special assessment is not plain error. In *Moore*, this Court in an *Anders* review said:

> Our review of the plea hearing transcript reveals that the district court failed to advise Moore that he would be protected against self-incrimination if he pleaded not guilty and went to trial, and that the court was required to impose a special assessment as part of his punishment. Fed.R.Crim.P. 11(b)(1)(E), (L). We conclude, however, that these errors did not affect Moore's substantial rights, as the district court otherwise conducted a thorough Rule 11 colloquy that assured Moore's plea was made both knowingly and voluntarily

*United States v. Moore*, 217 F. App'x 268, 269 (4th Cir. 2007). Here the district court conducted a thorough colloquy with Ms. Cannon.

Wherefore, counsel submits this argument, but believes it is frivolous and has no arguable merit.

### b.  THE SENTENCE IS PROCEDURALY REASONABLE

This Court reviews a sentence for reasonableness under a "deferential abuse-of-discretion standard." *Gall v. United States,* 552 U.S. 38, 41, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The Court must ensure that the district court correctly calculated the Guidelines range. *Id.* at 49, 51, 128 S.Ct. 586. In determining the calculation of the Guideline range, this Court reviews findings of fact for clear

9

error and questions of law de novo. *United States v. Sosa–Carabantes,* 561 F.3d 256, 259 (4th Cir.2009).

Ms. Cannon did not object to the guideline range calculated in the PSR. Ms. Cannon, through counsel, confirmed that there were no objections to the PSR and filed no sentencing memorandum contesting the calculated guideline range. The district court adopted the guideline range from the PSR and applied the low end of the range.

Wherefore, sentence imposed is procedurally reasonable.

### c. THE SENTENCING HEARING AND THE RESONABLENESS OF THE SENTENCE

An appellate court reviews a sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. First, the court must assess whether the district court properly calculated the Guidelines range, considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (same). An extensive explanation is not required as long as the appellate court is satisfied "'that [the

10

district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority.'" *United States v. Engle*, 592 F.3d 495, 500 (4th Cir.) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)), cert. denied, 131 S. Ct. 165 (2010).

Counsel ordered the December 14, 2011 sentencing transcript, and that transcript is now part of the record in this case. Judge Whitney complied fully with the procedure specified in Rule 32 of the Federal Rules of Criminal Procedure for sentencing. Counsel has reviewed the requirements of Rule 32 and has confirmed the following:

1. The Presentence Report was originally prepared on January 6, 2014, and a revised report was prepared on January 27, 2014. The Presentence Report was filed in the district court electronic filing system on January 27, 2014, at least 35 days in advance of the sentencing hearing held on April 8, 2014. (Presentence Report, DE 12, p. 1).

2. The district court verified that the defendant and counsel received a copy of the Presentence Report, discussed the Presentence Report, and allowed counsel to comment on the PSR and other sentencing matters. (Sentencing Hearing Transcript, p. 20-21).

11

3. The district court allowed counsel and defendant to speak. (Sentencing Hearing Transcript, p. 23-26).

4. The district court advised the defendant of her right to appeal and reiterated the waiver provision of the Plea Agreement. (Sentencing Hearing Transcript, p. 44-45).

5. The Judgment correctly reflects the plea, offenses, and sentence imposed at sentencing. (Judgment, DE 25, p1-7).

Based on these observations, Counsel believes that the Court complied with the requirements of Rule 32 at sentencing.

In reviewing the district court's findings, counsel submits that the court considered the sentencing factors of 18 U.S.C. 3553(a), including the properly calculated advisory Guideline range, and recounts the reasons for the sentence imposed at sentencing adequately. (Sentencing Hearing Transcript, p. 35-43).

Based on a review of the sentencing hearing, counsel is of the opinion that any argument that the sentence was substantively unreasonable is frivolous. Ms. Cannon was sentenced within the Guideline range calculated at sentencing. Any challenge to the calculation of the Guidelines range is precluded in the appellate waiver. An appeals court may presume a sentence within the Guidelines is

reasonable. *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 217 (4th Cir. 2010).

Wherefore, any challenge to the reasonableness of the sentence would be frivolous.

## CONCLUSION

There are no colorable claims to appeal in this case. The Defendant plead guilty, the guilty plea meets the mandates of Rule 11, the defendant entered an appellate waiver, ineffective assistance of counsel is not facially apparent, and the sentence imposed was within the advisory Guideline range.

For these reasons, counsel has concluded that any further proceedings on behalf of the Defendant would be wholly frivolous and without arguable merit within the meaning of *Anders v. California*, 386 U.S. 738 (1967) and its progeny. Counsel respectfully moves to withdraw as counsel on appeal for Ms. Cannon.

Respectfully submitted, this the 2nd day of September, 2014.

s/ Bradley L. Henry, BPR # 025447<br>
Breeding & Lodato, LLC<br>
Counsel for Rodnisha Cannon<br>
117 Center Park Drive<br>
Suite 201<br>
Knoxville, TN 37922<br>
(865) 670-8535<br>
brad@breedinglaw.com

13

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 14-4395    Caption: United States v. Rodnisha Cannon

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [✓] this brief contains __2,991__ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [ ] this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [✓] this brief has been prepared in a proportionally spaced typeface using Microsoft Word, 2010 [*identify word processing program*] in _____ [*identify font size and type style*]; **or**

   [ ] this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) Brad Henry

Attorney for Appellant

Dated: 9/2/2014

04/13/2012
SCC

# CERTIFICATE OF SERVICE

I certify that on  9/2/2014  the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Amy Elizabeth Ray
OFFICE OF THE U.S.ATTORNEY
United States Courthouse
100 Otis Street
Room 233
Asheville, NC 28801-0000
828-271-4661
amy.ray@usdoj.gov

/s/ Brad Henry                                          9/2/2014
_____      _____
         Signature                                              Date